UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ALMAZ ASMELASHE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DAWIT AUTO BODY SHOP, <br><br> Defendant. | Case No. 21-cv-03015-LB <br><br> **ORDER DENYING IN FORMA PAUPERIS APPLICATION WITHOUT PREJUDICE AND SCREENING COMPLAINT** <br><br> Re: ECF No. 1 |

## INTRODUCTION

The plaintiffs Almaz Asmelashe and Beraki Eskinder, who represent themselves, sued Dawit Auto Body Shop, the lienholder of Ms. Asmelashe's car, who allegedly sold the car even though he took their money to buy back the car.[1] Ms. Asmelashe filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.[2] Mr. Eskinder — Ms. Asmelashe's husband — did not fill out an in forma pauperis application himself, and he must in order for the court to consider the application. The court thus denies the application without prejudice to renewing it by submitting an application from Mr. Eskinder. Also, for the court to have jurisdiction (because all parties are citizens of California), there must be a federal claim, and the plaintiffs have alleged only a state-

---

[1] Compl. – ECF No. 1 at 2–5. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Appl. – ECF No. 2.

SCREENING ORDER – No. 21-cv-03015-LB

law claim for conversion of their car. The court thus does not have subject-matter jurisdiction. The court gives the plaintiffs until June 1, 2021 to amend the complaint to correct these deficiencies if they can and to submit separate applications to proceed in forma pauperis.

**STATEMENT**

Construed liberally, the complaint alleges the following.

The defendant is the lienholder of Ms. Asmelashe's car. On April 29, 2018, Ms. Asmelashe negotiated with Mr. Dawit to buy back her car. They agreed that Ms. Asmelashe would pay the him $600 and then — when she obtained a second job — she would pay $600 every month until the debt ($6,500) was paid. They also agreed that she could drive the car if she made the monthly $600 payments. Ms. Asmelashe paid the first $600. Two weeks later, when Ms. Asmelashe got a second job, she tried to pay Mr. Dawit another $600. He told her that he sold the car and used the first payment to store the car. Allegedly, he did not store the car and instead parked it on the street, where the car collected multiple parking tickets.[3]

About two years later, Ms. Asmelashe hired someone named Ernesto Treviller to investigate whether Mr. Dawit actually sold the car and learned that he still had it. Between April and May 2020, Ms. Asmelashe — through Mr. Treviller — and Mr. Dawit negotiated another buy-back of the car. On May 20, 2020, Mr. Dawit agreed to a price of $4,500. A few days later, when Mr. Treviller contacted Mr. Dawit to make Ms. Asmelashe's payment, Mr. Dawit said that he sold the car to someone else.[4]

**ANALYSIS**

**1. 28 U.S.C. § 1915(e)(2)**

"Under 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action [in forma pauperis] if it is satisfied that the plaintiff cannot pay the filing fees necessary to pursue the

---

[3] Compl. – ECF No. 1 at 2.

[4] *Id.* at 3–5.

action." *La Douer v. U.C.S.F.*, No. 15-cv-02214-MEJ, 2015 WL 4323665, at *2 (N.D. Cal. July 15, 2015) (citing 28 U.S.C. § 1915(a)(1)). To be eligible, "an applicant must submit an affidavit that includes a statement of all assets showing that the applicant is unable to pay such fees or give security therefor." *Id.* (quoting 28 U.S.C. § 1915(a)(1)) (cleaned up).

In addition, a complaint filed by any person proceeding in forma pauperis under 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the court to the extent that it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the court reviewing an in forma pauperis complaint make and rule on its own motion to dismiss before directing the United States Marshals to serve the complaint under Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127. The Ninth Circuit has noted that "[t]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The in forma pauperis statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Under Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555 (cleaned up).

In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980

(9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts that [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Federal courts must construe pro se complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A pro se plaintiff need only provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns*, 413 F.3d at 1043. He need not plead specific legal theories so long as sufficient factual averments show that he may be entitled to some relief. *Id.* at 1041.

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130 (internal quotation marks omitted).

## 2. Analysis

The court denies the application to proceed in forma pauperis without prejudice and identifies the complaint's deficiencies.

First, the plaintiffs submitted Ms. Asmelashe's application. Both plaintiffs must submit an application and an accompanying financial affidavit. *La Douer*, 2015 WL 4323665, at *2. The court denies the application without prejudice to both plaintiffs' submitting affidavits or filing the civil filing fee of $405. *Cf. Wade v. Am. Fed'n of Gov't Emp.*, No. C 06-4751-MEJ, 2006 WL 3645610, at *1–2 (N.D. Cal. Dec. 12, 2006) (denying in forma pauperis application where the plaintiff's "income minus necessities expenses and debt payments leaves a balance of approximately $655 a month").

Second, the court apparently does not have federal-question jurisdiction. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guar. Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They "have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). There are two ways to establish the court's jurisdiction: federal-question jurisdiction and diversity jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). There is federal-question jurisdiction if the case "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For diversity jurisdiction, the opposing parties must be citizens of different states, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). At best, the plaintiffs appear to be alleging conversion of the car, which is a state-law claim that can be brought in a civil lawsuit in state court. There is no equivalent federal claim. 28 U.S.C. § 1331. There apparently is no diversity jurisdiction either: the plaintiffs' civil cover sheet shows that all parties are citizens of California.[5]

**CONCLUSION**

The court has identified the deficiencies in the plaintiffs' in forma pauperis application and complaint. If the plaintiffs are able to address the deficiencies, by June 1, 2021, they may file an amended complaint and separate applications to proceed in forma pauperis. Alternatively, they may file a one-page dismissal of their federal case, which will operate as a dismissal without prejudice and allow them to pursue any state-law claims in state court. If the plaintiffs do not file an amended complaint or a dismissal by June 1, 2021, the court will reassign the case to a district judge and recommend that the newly assigned judge dismiss the case.

**IT IS SO ORDERED.**

Dated: May 10, 2021

LAUREL BEELER
United States Magistrate Judge

---

[5] Civil Cover Sheet – ECF No. 1-1 at 1.